## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| SEABOARD HOTEL MEMBER ASSOCIATES, LLC, *et al.,* | Case No. 15-12510 (LSS) |
| Post-Effective Date Plan Debtors.[1] | Re: D.I. 21 |

## ORDER (I) ESTABLISHING A DEADLINE TO FILE PROOFS OF EQUITY INTEREST IN INVESTOR TRUST DEBTORS AND APPROVING THE FORM AND MANNER THEREOF; AND (II) EXTENDING THE CLAIMS OBJECTION DEADLINE TO MAY 4, 2018

Upon the joint motion (the "Motion")[2] of the Wind-Down Administrator and Investor Trustee for an order (i) establishing a deadline to file proofs of Equity Interest in the Investor Trust Debtors and approving the form and manner of notice thereof and (ii) extending the Claims Objection Deadline established by the Plan for approximately 150 days, from December 5, 2017 through and including May 4, 2018; and the Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court; consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; the Bankruptcy Court having found and determined that the relief sought in the Motion is in the

---

[1] The Plan Debtors in these cases are: 600 Summer Street Stamford Associates, LLC; Seaboard Hotel Member Associates, LLC; Seaboard Hotel LTS Member Associates, LLC; Park Square West Member Associates, LLC; Seaboard Residential, LLC; One Atlantic Member Associates, LLC; 88 Hamilton Avenue Member Associates, LLC; 316 Courtland Avenue Associates, LLC; 300 Main Management, Inc.; 300 Main Street Member Associates, LC; PSWMA I, LLC; PSWMA II, LLC; Tag Forest, LLC; Century Plaza Investor Associates, LLC; Seaboard Hotel Associates, LLC; Seaboard Hotel LTS Associates, LLC; Park Square West Associates, LLC; Clocktower Close Associates, LLC; One Atlantic Investor Associates, LLC; 88 Hamilton Avenue Associates, LLC; 220 Elm Street I, LLC; 300 Main Street Associates, LLC; and 220 Elm Street II, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

best interests of the Plan Debtors' estates, their creditors, interest holders and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that except as otherwise set forth below, all persons or entities holding Equity Interests against any Investor Trust Debtor as of the applicable Petition Date must file proofs of such Equity Interest on or prior to **March 9, 2018 at 5:00 p.m.** (Eastern Time) (the "Investor Trust Debtor Interest Bar Date"); and it is further

ORDERED, that any person or entity whose Equity Interest is listed on Exhibit B to the Motion and does not dispute the Equity Interest as listed on such Exhibit B, either in amount or as to the identity of the Investor Trust Debtor in which such interest is listed, need not file a proof of Equity Interest; and it is further

ORDERED, that any person or entity whose Equity Interest listed as disputed, contingent, or unliquidated, or is not listed at all, on Exhibit B and that desires to share in any distribution from the Investor Trust must file a proof of interest; and it is further

ORDERED, that the form of the Investor Bar Date Notice and the Proof of Claim Form, and the manner of providing notice of the Investor Trust Debtor Interest Bar Date proposed in the Motion, are approved in all respects, satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules, and as such, the Investor Trustee is authorized to serve the Investor Bar Date Notice and the Proof of Claim Form in the manner described herein; and it is further

ORDERED, that the following procedures for the filing of a Proof of Interest Form shall apply:

(a)  Persons and entities must file a Proof of Interest Form so that it is received on or before the Investor Trust Debtor Interest Bar Date at the following address:

- If the Proof of Interest Form is sent by mail, send to:

    Donlin, Recano & Company, Inc.
    Re: Seaboard Hotel Member Associates, LLC, et al.
    P.O. Box 192328
    Blythebourne Station
    Brooklyn, NY 11219

- If Proof of Interest Form is sent by overnight courier or hand delivery, send to:

    Donlin, Recano & Company, Inc.
    Re: Seaboard Hotel Member Associates, LLC, et al.
    6201 15th Avenue
    Brooklyn, NY 11219

(b)  Proof of Interest Forms shall be submitted in person or by courier service, hand delivery or mail.  Proof of Interest Forms will be deemed filed when actually received by Donlin, Recano & Company, Inc. ("Donlin").  Forms may not be delivered via facsimile or electronic mail transmission.  Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a claim is submitted by one of the methods described above;

(c)  Forms will be collected, docketed and maintained by Donlin;

(d)  All forms must be signed by the holder or, if the holder is not an individual, by an authorized agent of the holder.  The form must be written in English and be denominated in United States currency.  Holders should attach to the completed form any documents on which the Equity Interest is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available;

(e)  Any person or entity asserting Equity Interests against multiple Investor Trust Debtors must file a separate form with respect to each Investor Trust Debtor.  If a person or entity lists more than one Investor Trust Debtor on any one form, the relevant Equity Interests will be treated as filed only against the first listed Investor Trust Debtor;

(f)    Any Proof of Interest Form filed or asserted with respect to a Plan Debtor that is not an Investor Trust Debtor will be disregarded;

and it is further

ORDERED, that persons or entities that fail to properly file a Proof of Interest Form by the Investor Trust Debtor Interest Bar Date, shall be forever barred, estopped and enjoined from (i) asserting any prepetition Equity Interest against any Investor Trust Debtor that such entity may possess and/or that is in an amount that exceeds the amount, if any, set forth on Exhibit B to the Motion; and (ii) receiving distributions under the Plan and the Investor Trust Agreement on account of such Equity Interest; and it is further

ORDERED, that no later than five business days after the entry of this Order, the Investor Trustee, through Donlin or otherwise, shall serve the Investor Bar Date Notice and the Proof of Claim Form, substantially in the forms attached to the Motion as Exhibit C and Exhibit D respectively, by first-class mail, postage prepaid, on all holders of potential Equity Interests in Investor Trust Debtors listed in Exhibit B to the Motion, the U.S. Trustee, all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of this Order and, pursuant to Local Rule 2002-1(e), counsel to any of the foregoing, if known; and all persons listed on the ~~Debtor~~ List of Debtors' Equity Security Holders in Accordance with Bankruptcy Rule 1007 ~~filed~~ relating to an Investor Trust Debtor; it is further

ORDERED, that the Claims Objection Deadline shall be, and hereby is, extended from December 5, 2017 through and including May 4, 2018 as to all Claims and Equity Interests; and it is further

ORDERED, that this Order is without prejudice to the Wind-Down Administrator's or the Investor Trustee's right to seek further extensions of the Claims Objection Deadline; and it is further

ORDERED, that the Distribution Agents and Donlin are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that the Bankruptcy Court shall retain jurisdiction to construe and enforce this Order.

Dated:  Wilmington, Delaware
        Jan - 9     , 2018

                                        _____
                                        THE HONORABLE LAURIE S. SILVERSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE